[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11247

Non-Argument Calendar

_____

WILMER GARCIA-ORTIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-933-641

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Wilmer Garcia-Ortiz petitions for review of the decision of the Board of Immigration Appeals denying his application for withholding of removal. But proving neither that membership in a particular social group caused him to suffer persecution nor that he will likely experience government-condoned torture if deported, Garcia-Ortiz fails to satisfy the prerequisites for withholding. We therefore deny his petition.

## I.

Honduran national Garcia-Ortiz left his home country and entered the United States without inspection in 2012. A few years later he was arrested and convicted for driving under the influence, and soon afterwards the Department of Homeland Security initiated removal proceedings against him. Garcia-Ortiz conceded that the government had authority to remove him under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I), but he also filed an application for withholding of removal.

To justify his request, Garcia-Ortiz asserted that he had been and would be persecuted in Honduras because he belonged to two particular social groups—"Honduran male[s] who have been actively recruited by the international criminal organizations that operate in his home country and who have refused to join" and "U.S. Deportees." *See* 8 U.S.C. § 1231(b)(3)(A). He also asked for protection under the United Nations Convention Against Torture,

claiming that he would probably be "tortured and murdered" by the criminal gang Mara-18—and that the police would acquiesce because they would be unable to stop it.

In his application and at his hearing before the immigration judge, Garcia-Ortiz described several instances from his life in Honduras when he had been robbed. In early 2010, Garcia-Ortiz had moved from rural Langue to the capital of Honduras, Tegucigalpa, and had started working for his girlfriend's father Larios, an auto parts distributor. Within his first few months there, he was solicited by members of the Mara-18 gang; he refused their recruitment offer, and they told him he would "regret" that choice. Over the next two years, Garcia-Ortiz was robbed by masked men five times and twice sustained severe injuries. After the first robbery, Larios warned him "to be very careful because it was very common for people to be robbed by the members of the criminal organization MARA-18." The second time, Garcia-Ortiz was robbed as he was leaving a bank, where he had just cashed a large check. Outside the bank, three armed men accosted him, demanded the money, and then ran. On the third occasion, he was robbed right after making a business delivery for Larios, and on the last two occasions he was robbed while walking with his girlfriend and daughter. Garcia-Ortiz attributed these attacks to his refusal to join the Mara-18 gang.

The IJ concluded that Garcia-Ortiz did not qualify for withholding and denied his application. While she found him to be credible and accepted that he was "the victim of various

robberies," she concluded that Garcia-Ortiz failed to show that these attacks were due to his membership in a protected social group—the "nexus" required by the statute. The IJ also explained that "the refusal to join a gang" does not initiate a person into "a particular social group." And because Garcia-Ortiz had described no "problems with any of the authorities or the police or any public officials," the IJ concluded that CAT relief was not appropriate either.

The Board adopted and affirmed the IJ's decision. It decided that neither of Garcia-Ortiz's proposed groups qualified under the withholding statute, citing to *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1198 (11th Cir. 2006) (concluding that no social group exists when at the core the unifying trait of "noncriminal informants" was merely "persecution by the cartel"). And emphasizing how Garcia-Ortiz only speculated that he would face torture and that the government would not stop it, the Board concluded that he was not eligible for CAT relief either.

Garcia-Ortiz petitions for review.

## II.

We review the Board's decision and—because the Board expressly adopted it—the IJ's decision. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). For petitions like this one, we review questions of law de novo and questions of fact for substantial evidence. *Id.* We will not disturb findings of fact as long as they are "supported by reasonable, substantial, and

21-11247                Opinion of the Court                5

probative evidence on the record considered as a whole," which means we only reverse a finding of fact if the record "compels" it. *Id.* at 1351 (quotations omitted).

## III.

To be eligible for withholding of removal, Garcia-Ortiz must prove that his "life or freedom would be threatened" in Honduras "because of" his "membership in a particular social group." *See* 8 U.S.C. § 1231(b)(3)(A); *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). If his membership was at most "incidental, tangential, superficial, or subordinate to another reason" for the harm he suffered, then he cannot establish that it caused the persecution—the "nexus" required by the statute. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021) (quotation omitted). For there to be a nexus, the membership must have been a "central reason" for the persecution he faced. *Id.* (quotation omitted).

According to Garcia-Ortiz, the Board should have concluded that those who refuse to join a gang are a social group and that he was attacked and robbed on multiple occasions because he belonged to that group. But the facts suggest that the masked men were primarily interested in his money and belongings, not him. After the first robbery, Larios warned him to be more careful because such robberies by the Mara-18 gang were common. And on several of the occasions, Garcia-Ortiz was not harmed—the men simply stole his belongings and fled. Twice he was an obvious target for theft—after cashing a check at a bank, and after

completing a business delivery. So, at most, Garcia-Ortiz's identity was only tangentially related to these crimes of opportunity. *See Sanchez-Castro*, 998 F.3d at 1286–87. The record therefore does not compel us to reverse the Board's conclusion that Garcia-Ortiz failed to prove a nexus between his persecution and membership in a protected social group.

Even if he had proved the nexus, neither group Garcia-Ortiz proposes qualifies as "a particular social group" under § 1231(b)(3)(A). He admits that deportees are targeted because they are perceived as having money, and that is not a protected ground. *See Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821 (11th Cir. 2007). As for the other, the defining attribute of persons who refuse to join Mara-18 is not so much a watershed moment of refusal as it is their being targeted by the gang generally. *See Castillo-Arias*, 446 F.3d at 1198. And the record shows that Mara-18 poses this threat indiscriminately to most of the population. As unfortunate as that may be, the social group provision is not a "'catch all' for all persons alleging persecution." *Id.* Garcia-Ortiz thus fails to prove he belongs to a qualifying group.

Garcia-Ortiz also claims that he qualifies for CAT relief because he "will be killed or kidnapped" by Mara-18 if deported. To qualify he must show both "that it is more likely than not" that he will be tortured and that it will be "inflicted by" or at the "acquiescence of" a public official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1293 (11th Cir. 2020). But Garcia-Ortiz gave no evidence of torture or

evidence that a government official would condone it. To the contrary, he showed that his attackers could not operate with impunity—they hid in alleys, wore masks, and fled after they attacked. The record thus does not compel us to reverse the Board's finding that Garcia-Ortiz failed to qualify for CAT relief.

We therefore **DENY** the petition.